**COOPER STEVEDORING OF LOUISI-ANA, INC., Libelant,**

v.

**ALTER COMPANY, Kanematsu-New York, Inc., A. G. Pappadakis, and the S.S. MARIA G. CULUCUNDIS, her engines, boilers, etc., Respondents.**

**No. 5191.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 2, 1964.

Terriberry, Rault, Carroll, Yancey & Farrell, Rufus C. Harris, Jr., James L. Schupp, Jr., New Orleans, La., for libelant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Leon Sarpy, New Orleans, La., for A. G. Pappadakis and SS Maria G. Culucundis.

AINSWORTH, District Judge.

Libelant, a stevedoring company, has filed this action to recover stevedoring charges made in connection with the vessel SS MARIA G. CULUCUNDIS at the Port of New Orleans and has asserted its claim against several defendants, including Pappadakis individually and as owner of the CULUCUNDIS. At the time the stevedoring services were

rendered the vessel was chartered by Pappadakis to Kanematsu-New York, Inc. Pappadakis has moved for summary judgment on the ground that the charter agreement provides that the vessel owner cannot be held liable for such services, which shall be at the sole expense of charterer.

The charter party is in writing and Clause 17 thereof reads as follows:

> "Cargo is to be loaded, stowed and discharged by the Charterers, free of risk and expense to the vessel."

The affidavit of G. Fehl filed by mover discloses that the charter party was at all times open to inspection to all parties having any business with the vessel and no efforts were made to prevent any person having business with the vessel from seeing the document which was kept with the vessel's documents and located in the vessel's wheelhouse. Had libelant availed itself of the opportunity, it would have learned of Clause 17 which evidences the definite agreement between owner and charterer that stevedoring services were to be those of charterer's and free of risk and expense to the vessel.

In 46 U.S.C.A. § 973, relating to maritime liens, it is provided:

> "* * * but nothing in this chapter shall be construed to confer a lien when the furnisher knew, or by exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor."

██ Under this section the supplier is charged with knowledge of the provisions of the charter when he either knows them or by reasonable diligence could have ascertained them. Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co., 310 U.S. 268, 60 S.Ct. 937, 84 L.Ed. 1197, 1940 A.M.C. 647. See also American Marine Corp. v. Towboat Z-Fourteen, D.C., W.D.La., 1961, 214 F. Supp. 849; St. Louis Shipbuilding &

Steel Co. v. First Nat. Bank & Trust Co. of Vicksburg, Miss., 5 Cir., 1961, 287 F.2d 366; United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361 (1923).

The facts are not in dispute and the law is clear to us that mover, Pappadakis, must prevail in his motion for summary judgment, and the libel is therefore dismissed as to this respondent.